McDONALD v. THE DES MOINES VALLEY R'Y CO. ET AL.

1. **Practice:** SUBSTITUTING BURNED RECORD: PARTIES: COSTS. Where it was sought by motion to obtain an order for the substitution of a decree alleged to have been destroyed by fire, and one not a party to the decree was made a party defendant to the motion, it was error to substitute the decree as against such defendant, and at his costs, without any showing that he claimed an interest in the subject-matter of the decree under some one who was a party to it,—and such an interest as was affected by the decree.

*Appeal from Emmet Circuit Court.*

SATURDAY, JUNE 9.

THE appeal in this case is taken by the defendant, The Des Moines & Fort Dodge R'y Co., from an order substituting the record of a decree alleged to have been rendered in favor of this plaintiff, and against The Des Moines Valley R'y Co., which record it is alleged was destroyed by fire. The order of substitution was made upon motion. No notice of the motion was served upon the latter company. The decree is alleged to have been rendered in an action brought to quiet title to about one hundred and twenty acres of land in Emmet county. The Des Moines & Fort Dodge R'y Co. was served with notice of the motion for substitution. The service was made upon the supposition that that company claims to be the owner of the land by a title adjudicated by the decree to be invalid. The company appeared, and, in effect, denied the adjudication, and set up title through the foreclosure of a deed of trust, executed by the Des Moines Valley R'y Co., and antedating the commencement of the action in which the decree in question was rendered. The Des Moines & Fort Dodge R'y Co. did not object to the substitution, provided that it was made to appear affirmatively of record that the company was not prejudiced by the substitution; but the court refused to so enter the order of substi-

tution as to show such want of prejudice, and entered the order generally, without showing whether the company was or was not prejudiced, except so far as it might appear incidentally from the nature of the proceeding. The company insists that it does appear thus incidently to be prejudical, and that the facts shown are not such as to justify the order made, and accordingly appeals therefrom.

*Nourse & Kauffman*, for appellant.

*Soper & Allen*, for appellee.

ADAMS, J.—If the appellant is a proper party to this proceeding at all, and can properly be charged with the costs, as it was, it must be because the original decree was adverse to it. Upon no other possible theory was the appellee entitled to an order of substitution *as against the appellant*. Since, therefore, the court did make the order of substitution as against the appellant, and charge it with costs, the natural, if not the inevitable, inference, must be, we think, that the court found that the appellant is adversely affected by the original decree. Now, this it might do (provided the proceeding by motion is proper, which we do not determine), if the facts justified. The appellee claims in his argument that the appellant has no other title than by deed from the Des Moines Valley R'y Co., executed subsequently to the rendition of the decree in question. If such were the fact, and it so appeared, then the order of substitution as against the appellant would doubtless be correct. But the appellee's difficulty is that he has introduced no evidence of such fact. If, on the other hand, the appellant holds under the foreclosure of a deed of trust, executed by The Des Moines Valley R'y Co., and recorded before the commencement of the appellee's action against the company to quiet title, and that company alone was made defendant, it would seem clear that the appellant is not adversely affected by the decree in that action. So far as the appellant is concerned, the decree would have no

more efficacy than so much blank paper, and appellant should not have been made a party to this proceeding, and having been improperly brought in, should have been dismissed without costs, or the order of substitution should have been entered without prejudice to it, and without costs. Now, while we are not prepared to say that the facts are precisely as the appellant claims, we have to say that they are not affirmatively shown to be otherwise, and the burden of proof was upon the appellee. There is no pretense that the appellant was a party to the decree in question. The most that can be claimed is that the appellant holds under some one who was a party to it, and in such a way as to be affected by it. But such fact was not shown, and without such showing, we think that the appellee was not entitled to a substitution as against the appellant, and at its costs.

REVERSED.